No. 2121

Second Circuit

---

**CHILDERS v. ADAIR, As Sheriff, et al.**

---

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Execution—Par. 130; Executory Process—Par. 68.**
Want of notice of seizure, where the property was actually seized, advertised and sold at sheriff's sale, is an informality and does not render the sale an absolute nullity.
Allen vs. Couret, 24 La. Ann. 24.
Oriol vs. Moss, 38 La. Ann. 770.

2. **Louisiana Digest—Estoppel—Par. 45.**
Under our well settled jurisprudence, where one stands by and sees his property seized and sold under legal process without making his claim known or objecting to the proceeding, he will be bound by the sale; and a fortiorari this rule applies against one who acts as keeper of property seized as that of another and stands by and permits the property to be sold as that of another under legal process without objection on his part.
Wimbish vs. Mayer, 144 La. 865, 81 South. 373.

3. **Louisiana Digest—Action—Par. 12.**
Plaintiff has no standing in court unless he has an actual interest to be pursued.
C. P., 15.

Appeal from the Second Judicial District Court of Louisiana, parish of Bossier. Hon. Robert Roberts, Jr., Judge.

Action by J. E. Childers against J. F. Adair, as sheriff.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. B. Prothro, of Shreveport, attorney for plaintiff, appellant.

Murff & Mabry; Hall & Bullock, of Shreveport, attorneys for defendants, appellees.

STATEMENT OF THE CASE.

REYNOLDS, J. In this case J. E. Childers, the plaintiff, claims to be the owner of certain cotton and corn seized, advertised and sold as the property of A. J.

Childers by the sheriff and bid in at the sale by the defendants Elston, Prince & McDade.

Plaintiff, J. E. Childers, urges that said sale should be annulled for the reason that no notice of seizure was served on the judgment debtor, A. J. Childers.

The seizing sheriff, J. F. Adair, the judgment debtor, A. J. Childers, and the purchasers at the sheriff's sale, Elston, Prince & McDade, were made defendants.

The defendant sheriff denied plaintiff's right to recover judgment, on the ground that he was estopped to assert title to the property for the reason that he had received and receipted for possession of the property seized as keeper thereof and had stood by and without objection permitted the property to be advertised and sold to Elston, Prince & McDade as that of the judgment debtor, A. J. Childers.

And, in reconvention, he asked for judgment against the plaintiff for the return of the property receipted for by him as custodian, or otherwise for judgment against plaintiff for $1000.00 as the value of the property.

Defendants Elston, Prince & McDade urged an exception of no cause of action, and, in reconvention, joined with defendant, J. F. Adair, the seizing sheriff, in asking that plaintiff be required to surrender the property received and receipted for by him as keeper, or otherwise for judgment against him for $1000.00 as the value thereof.

Defendant A. J. Childers, the judgment debtor, answered admitting the allegations of plaintiff's petition and prayed that his suit be dismissed at his cost.

On those issues the case was tried and there was judgment rejecting plaintiff's demand, and, in reconvention, there was judgment against him and in favor of the defendant, J. F. Adair, sheriff, requiring plaintiff, J. E. Childers, to deliver the property received and receipted for by him as keeper to the defendant, J. F. Adair, sheriff, or, in default thereof, requiring him to pay one thousand dollars with legal interest thereon from the date of the judgment to the defendant J. F. Adair, sheriff, for the use and benefit of the defendants Elston, Prince & McDade.

Plaintiff has appealed.

## OPINION.

The principal attack made by plaintiff, J. E. Childers, on the validity of the sale of the property seized, advertised and sold belonging to the defendant, A. J. Childers, is that on the face of the record the sale was an absolute nullity for the reason that no notice of seizure was served on the judgment debtor, the defendant A. J. Childers.

Under Article 15 of the Code of Practice this defense was one personal to A. J. Childers and plaintiff J. E. Childers has no standing in court to urge the same.

The judgment of the District Court rejecting plaintiff's demand to have the sale declared a nullity is correct.

## RECONVENTIONAL DEMAND.

Plaintiff, J. E. Childers, accepted the trust of keeper of the seized property under appointment by the seizing sheriff, the defendant J. E. Adair, and issued his receipt as such keeper for the property so delivered to him. When called upon by the sheriff to deliver the property to him he failed to do so. After permitting the seized property to be advertised for

sale and sold to defendants Elston, Prince & McDade without objection on his part, plaintiff, J. E. Childers urges no defense to being required to respond in accordance with his receipt as keeper of the property other than that the sale made was an absolute nullity.

Having failed in that defense he must, under the settled jurisprudence of this state, either surrender the property received and receipted for as keeper by him or pay the value thereof.

The judgment of the District Court so held.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.